UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID EVERETT PROFFITT, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-25-JD-JEM |
| INDIANA DEPARTMENT OF CORRECTIONS, SAVINO, CORIZON, WEXFORD, CENTURION, and LIAW, | |
| Defendants. | |

OPINION AND ORDER

David Everett Proffitt, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Proffitt alleges that near the end of 2015, he began having pain and occasional numbness in his foot, leg, and back. He alleges that his many complaints to medical providers went unanswered, until eventually an unnamed doctor had him transferred to another facility under a false medical situation so that he wouldn't be her problem anymore. About five years after the problems began, he had major spinal surgery, but

he says it was too late to get all the feeling and usage back in his foot and leg. He alleges he was supposed to have a followup visit a year after the surgery, but two years have passed with no followup. He states that his pain and nerve problems have worsened, but no one responds to his medical requests. When he finally saw an orthopedic doctor on May 11, 2022, to examine the pain and deformation of his left foot, the doctor told him he needed surgery on his foot and to return in two weeks, but that return visit never happened. Proffitt alleges his pain is worsening, he continues to lose more use of his left foot, and he is starting to experience problems with his right side now, too.

This complaint contains unrelated claims. The allegations go back more than seven years to the end of 2015 and covers his medical treatment at two different correctional facilities (Correctional Industrial Facility and Westville Correctional Facility) by different doctors and providers. Claims in a single lawsuit must be related, either because the same defendant is involved in each claim or because the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Even though the complaint centers around the same general medical issue, the individual doctors treated him at different times and places over that seven-year period. Each doctor's treatment decision involves consideration of Proffitt's medical condition at different times under different circumstances and therefore involve different evidentiary considerations and legal analysis.

Moreover, even if the claims were related, the complaint does not set forth what involvement each defendant had in the alleged constitutional violation. Proffitt sues the Indiana Department of Correction, two individual doctors (Dr. Savino and Dr. Liaw),

and the three companies that provided medical care for IDOC over the past seven years (Corizon, Wexford, and Centurion). The Indiana Department of Correction is an arm of the State and cannot be sued in federal court for money damages under 42 U.S.C. § 1983 or state law. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Pennhurst St. Sch. & Hospital v. Halderman*, 465 U.S. 89, 102 (1984) (Eleventh Amendment prohibits federal courts from hearing state-law claims against the State unless the State waives immunity).

As to the individual doctors, the Eighth Amendment requires them to provide Proffitt constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Thus to state a claim against an individual doctor, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The complaint here contains no information about the individual doctors' actions so as to plausibly allege either doctor was deliberately indifferent. Deliberate indifference is a high bar and requires "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*,

3

394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Therefore, even if there were a basis to find the claims were related, the complaint does not connect either doctor to any specific allegation of wrongdoing.

Finally, the complaint contains no basis to hold any of the medical companies liable. A private company performing a public function can be sued under § 1983 based on *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 829 (7th Cir. 2022) (footnote omitted). Additionally, the plaintiff must allege that an official policy "was the 'moving force' behind his constitutional injury." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Here, there are no allegations connecting Proffitt's allegedly deficient medical care to an official policy or practice of these companies, rather than the individual decisions of his medical providers.

4

When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). If he believes he can state a claim based on (and consistent with) the events described in this complaint, Proffitt may file an amended complaint containing only related claims because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. If he wants to pursue any other claims, he must file a separate complaint with a new case number for each group of claims.

For these reasons, the court:

(1) GRANTS David Everett Proffitt until **May 23, 2023**, to file an amended complaint; and

(2) CAUTIONS David Everett Proffitt if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

5

SO ORDERED on April 24, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT